In re L.T.S., INC., dba Shamanah Golf Club, Debtor.

**TREASURE VALLEY BANK, Plaintiff,**

v.

**L.T.S., INC., dba Shamanah Golf Club, Defendant.**

Adv. No. 83–0230.

United States Bankruptcy Court, D. Idaho.

Sept. 12, 1983.

Jean R. Uranga, Uranga & Uranga, Boise, Idaho, for plaintiff.

Larry E. Prince, Langroise, Sullivan & Smylie, Boise, Idaho, for defendant.

## MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT

M.S. YOUNG, Bankruptcy Judge.

Plaintiff brought the instant action seeking to enforce a security interest in a number of golf carts sold to defendant by Larry Roberts, dba Highland Golf Cars of Idaho. Defendant has counterclaimed under § 544(a) and also raises the affirmative defense that it was a buyer in the ordinary course under Idaho Code 28–9–307 and that, as such, it takes the carts free and clear of any interest of Treasure Valley Bank therein. Defendant has moved for summary judgment and the matter is before the Court at this time upon that motion.

Idaho Code 28–9–307 provides in pertinent part:

"(1) A buyer in the ordinary course of business (subsection (9) of section 28–1–201) other than a person buying farm products from a person engaged in farming operations takes free of a security interest created by his seller even though

the security interest is perfected and even though the buyer knows of its existence."

Though otherwise contested, for the purposes of this motion defendant concedes that plaintiff had a security interest in the thirty golf carts and two dumpsters at issue, that this security interest was perfected, and that the defendant had knowledge of the existence of the security interest.

As relevant to this action, a "buyer in the ordinary course of business" is defined in I.C. 28–1–201(9) as:

"... a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in the ordinary course from a person in the business of selling goods of that kind.... 'Buying' may be for cash or by exchange of other property or on secured or unsecured credit...."

Thus, in order for the defendant herein to be a protected buyer in the ordinary course, it appears that these elements must be etablished:

(1) that Larry Roberts, dba Highland Golf Cars of Idaho, was a person in the business of selling golf carts;

(2) that defendant acted without knowledge that the sale to him by Roberts was in violation of any interest of plaintiff; and

(3) that defendant acted in good faith.

Plaintiff contends that Roberts was not in the practice of advancing credit and that generally 85% of his sales of golf carts were to individuals and only 15% were, as here, to a golf course. However accurate this may be, Roberts was undoubtedly engaged in the business of selling goods of this kind. Though it may not have been a typical sale for Roberts, the requirement of the statute is met.

Plaintiff also argues that defendant knew that the sale was in violation of the security interest of the bank. As stated in Comment 2 to § 28–9–307:

"This section provides that such a buyer takes free of a security interest, even though perfected, and although he knows

the security interest exists. Reading [§§ 28–9–307(1) and 28–1–201(9) ] together, it results that the buyer takes free if he merely knows that there is a security interest which covers the goods *but takes subject if he knows in addition that the sale is in violation of some term in the security interest not waived by the words or conduct of the secured party.*

The limitations which this section imposes on the person who may take free of a security interest apply of course only to unauthorized sales by the debtor. If the secured party has authorized the sale in the security agreement or otherwise, the buyer takes free without regard to the limitations of this section." [Emphasis added.]

Directly related to the issue of knowledge is plaintiff's allegation that defendant did not act in good faith in the purchase of the carts as required by § 28–1–201(9). As noted by White and Summers, Uniform Commercial Code, Sec. 25–13 at p. 1069 (2d Ed.1980), exactly what the good faith requirement adds to the analysis of whether an entity is a buyer in the ordinary course is "unclear", though it does appear to incorporate the U.C.C. definition of good faith as "honesty in fact in the conduct or transaction concerned." § 28–1–201(19).

■ Though admittedly an elusive concept, I conclude that "good faith" in this particular type of situation refers to the buyer's knowledge that the sale of goods was in contravention or violation of the underlying security interest between the seller and his secured party. Though some courts discuss it as an analytically distinct concept, it is essentially redundant in light of the other requirement of § 28–1–201(9), and adds little to the resolution of such litigation as presented here. See generally *Martin Marietta Corp. v. New Jersey Natl. Bank,* 612 F.2d 745, 27 UCC Rep. 1153 (3d Cir.1979), *reversing* 25 UCC Rep. 1458, see 1462, n. 4.

■ On the record before the Court at this time, and construing all available inferences most favorably to plaintiff, I find no

genuine issue of material fact presented in regard to defendant's knowledge that the sale transaction was in some manner violative of the agreement between plaintiff and Roberts or otherwise in bad faith. Though it is probable that defendant knew the bank was involved with Roberts in some manner, at least in regard to earlier financing if not in regard to the subject transaction, there is nothing in the record which indicates that defendant knew that any portion of the agreement running between Roberts and the bank was being violated. In short, I find no conflict in the evidence presented on this issue.

Having found that the record supports the elements identified above and that defendant was a buyer in the ordinary course as defined under state law, I conclude summary judgment should be granted as requested.

IT IS SO ORDERED.